UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCUS YOUNG, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>THE NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>Defendant. | CIVIL ACTION<br>CASE NO: 20-cv-8564<br><br>**COMPLAINT** |

Named Plaintiffs, MARCUS YOUNG individually and on behalf of all other persons similarly situated (collectively "Plaintiffs"), employees currently or formerly employed by Defendant, by and through their attorneys, Virginia & Ambinder, LLP, allege as follows:

## PARTIES

1. Named Plaintiff Marcus Young is a resident of the State of New York, and a member of Local 372 of District Council 37, American Federation of State, County, and Municipal Employees. Plaintiff Young has been employed by Defendant since approximately 2007, and currently works as a School Lunch Aide.

2. Defendant, The New York City Department of Education, is a municipal corporation duly organized and existing under the Constitution and laws of the State and City of New York, and is a judicial entity amenable to suit under the FLSA as it is, and was at all relevant times, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x).

3. Defendant, The New York City Department of Education, is a judicial entity amenable to suit under the FLSA as it is, and was at all relevant times, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. §203(x).

1

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over the claims in this action, pursuant to the provisions of 28 U.S.C. §§ 1331, 1337, and 1343.

5. This Court has subject matter jurisdiction over Plaintiffs' claims under the FLSA, pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant's principal place of business is in this district.

7. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Defendant constitutes "enterprise[s] engaged in commerce" with a gross volume of business done that is in excess of $500,000.00.

**NATURE OF ACTION**

9. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206 and 216(b) to recover liquidated damages for delayed payments of wages.

10. Upon information and belief, Plaintiffs constitute "employees" subject to the protection of the Fair Labor Standards Act.

11. Upon information and belief, Defendant constitutes an "employer" subject to the requirements of the Fair Labor Standards Act.

12. Plaintiffs allege that they are entitled to liquidated damages pursuant to 29 U.S.C. §§ 201 et. seq., and attorneys' fees and costs to remedy Defendant's willful violations of the FLSA.

13. Beginning in approximately March 2020, at the start of the COVID-19 Pandemic, and, upon information and belief, continuing through the present, Defendant engaged in a policy and

practice of failing to pay Plaintiffs all earned wages, on their next scheduled payday after the work was performed.

14. Defendant's policy and practice of failing to timely process payment of wages owed to Plaintiffs, such as Named Plaintiff Young, resulted in Plaintiffs failing to receive wages for work performed on their next scheduled payday.

15. Named Plaintiff Young has initiated this action on behalf of himself and all persons similarly situated to recover damages for the wages, and other compensation that he was deprived timely payment for, including liquidated damages, interest, attorneys' fees, and costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

17. This action is brought on behalf of Named Plaintiff Young and a putative collective (the "Putative Collective") consisting of the similarly situated Plaintiffs who performed work or have worked for Defendant at any time since March 2020 to the entry of judgment in this case, who were employees within the meaning of the FLSA and who were not timely paid minimum wages for work performed, and/or who were not timely paid their wages on their regularly scheduled wage payment paydays.

18. Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendant's common policy and/or plan to violate the FLSA by failing to timely provide payment of wages on Plaintiffs' scheduled paydays.

19. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Named Plaintiff and members of the Putative Collective.

20. Named Plaintiff and members of the Putative Collective were all employed by Defendant.

21. Upon information and belief, Defendant uniformly applied the same payment policies, practices, and procedures to all members of the Putative Collective.

22. The questions of law and fact common to the Putative Collective predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: whether Defendant employed Named Plaintiff and members of the Putative Collective within the meaning of the FLSA; whether Defendant timely paid all minimum wages for Plaintiffs for all hours worked up to the first forty (40) hours in any given week; whether Defendant's violations of the FLSA are willful as that term is used within the meaning of the FLSA; whether Defendant is liable for all damages claimed hereunder including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; whether Defendant engaged in a policy and practice of delaying payment of wages beyond the Plaintiffs' regular paydays; and whether Defendant should be enjoined from such violations of the FLSA in the future.

23. The claims of Named Plaintiff are typical of the claims of the Putative Collective.

24. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

25. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The members of the Putative Collective lack the financial resources to adequately prosecute separate lawsuits against Defendant. A collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies and practices.

**FACTS**

26. Pursuant to the FLSA, 29 U.S.C. § 206, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages… not less than… $7.25 an hour."

27. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

28. Plaintiff and other similarly situated employees are or have been employed by Defendant in various capacities at times between March 2020 and the present.

29. Plaintiff and other members of the Putative Collective are "employees," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(e).

30. Defendant is an "employer," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and consequently, are liable for violations of the FLSA.

31. Defendant has engaged in a pattern and practice of failing to ensure that Named Plaintiff and the Putative Collective received payment for all hours worked in any given week, on the regularly scheduled payday after the work was performed.

32. Named Plaintiff Young has worked for Defendant from approximately October 2007 to the present. He is currently a School Aide at Fiorello H. LaGuardia High School, New York, New York.

33. During the school year, Plaintiff Young is scheduled to work twenty (20) hours per week, five (5) hours per day.

34.   Plaintiff Young is normally scheduled to receive a paycheck every two weeks.

35.   Plaintiff Young was not timely paid on his regularly scheduled paydays for work which he performed for Defendant.

36.   Plaintiff Young normally received his paychecks by mail.

37.   On information and belief, Defendant failed to implement adequate measures to ensure that DOE employees such as Mr. Young were paid on or near their regularly scheduled payday during the pandemic.

38. On April 2, 2020, Plaintiff Young did not receive his paycheck.

39. In spite of a strictly enforced government lockdown during the height of the pandemic, Plaintiff Young was advised by the DOE that he and others were required to travel to different locations throughout New York to retrieve their wages.

40. Mr. Young is 66 years old and was aware of the risks associated with the heightened risks of travelling by subway during the height of the pandemic in New York City. However, due to his limited income he felt he had no other alternative than to attempt to retrieve his wages.

41.   On April 2, 2020 Plaintiff Young was advised by the DOE that he was required to travel to 333 West 28th Street, New York, New York to retrieve his paycheck.

42. Upon arriving at 333 West 28th Street he was met with a posted sign that directed DOE workers to travel to Tweed Courthouse, 52 Chambers Street New York, New York to pick up their paychecks the next day, April 3, 2020, between the hours of 8 A.M. and 12 P.M. Mr. Young travelled by subway back to his apartment without his paycheck.

43.   The next day Mr. Young again travelled by subway to pick up his paycheck. After picking up his paycheck Mr. Young was told that to be paid in the future, he needed to update his mailing address by emailing his address to the DOE.

44. Plaintiff Young, with the assistance of a friend, emailed his mailing address to the DOE, as instructed.

45. Thereafter Plaintiff Young did not receive two scheduled wage payments on April 16, and April 30, 2020 and has yet to receive these two wage payments.

46. Upon information and belief, beginning May 14, 2020, Defendant resumed paying Plaintiff Young on his scheduled paydays.

47. Plaintiff Young spoke with union officials at District Council 37 about his two missing wage payments.

48. On information and belief union officials contacted the DOE on a number of occasions to inquire about missing checks for Mr. Young and other DOE workers.

49. Upon information and belief, throughout the relevant period, Defendant has failed to take any remedial measure to cure this problem.  Such behavior reflects a willful policy and practice of violating the FLSA by failing to timely pay Plaintiffs for work performed on their next scheduled payday.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT: DELAYED WAGE PAYMENTS

50. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

51. Defendant failed to timely pay Plaintiffs and members of the Putative Collective their earned wages.

52. Defendant's failure to timely pay Plaintiffs and members of the Putative Collective all earned minimum wages on their regularly scheduled paydays following the performance of work violated the FLSA, and the case law and regulations interpreting same.

53. Defendant's violation of the FLSA was willful.

54. As a result, Plaintiffs and members of the Putative Collective suffered injuries, including monetary damages, and are entitled to statutory liquidated damages in an amount equal to the minimum wages not timely paid, plus interest, attorneys' fees, and costs.

55. Defendant has violated the Fair Labor Standards Act by failing to pay minimum wages, and other wages to Plaintiffs on the next scheduled payday after the work was performed.

56. By the foregoing reasons, Defendant is liable to Named Plaintiff and members of the Putative Collective in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of unpaid wages owed each pay period to each Plaintiff, plus interest, attorneys' fees and costs.

**WHEREFORE**, the Plaintiffs demand judgment:

(1) on their first cause of action in an amount to be determined at trial, constituting liquidated damages as permitted under the FLSA in the amount equal to the amount of wages earned but not timely paid each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, attorneys' fees and costs;

(2) any other and further relief the Court may deem appropriate.

Dated: New York, New York
October 14, 2020

VIRGINIA & AMBINDER, LLP

By: /s/
Lloyd Ambinder, Esq.
James E. Murphy, Esq.
Rachel R. Feingold, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080

*Attorneys for Named Plaintiff and the Putative Collective*